UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO Q. JONES,<br>Booking #19750426,<br><br>                      Plaintiff,<br><br>vs.<br><br>MOTEL 6; D'ANGELO'S TOWING;<br>DAISEY BALBUERA, Motel 6 Clerk;<br>OFFICER JOHN McGOUGH, National<br>City Police,<br><br>                     Defendants. | Case No.: 3:19-cv-01831-AJB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B) AND**<br>**28 U.S.C. § 1915A(b)** |

Plaintiff Mario Q. Jones, while detained at the San Diego Central Jail ("SDCJ"), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Jones's Complaint is almost illegible, but as far as the Court can tell, he seeks to recover a $100 deposit he paid to a Motel 6 clerk in National City on July 12, 2019, and $510,000 in general and punitive damages from a private towing company and a National City Police Officer, who arrested him for trespassing. *Id.* at 3–4, 6–7, 10.

///

Jones did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Jones has submitted a prison certificate authorized by a San Diego County Sheriff's Department Deputy, together with a copy of his historical Inmate Trust Account Activity from January 2005 through September 12, 2019. *See* ECF No. 2 at 4, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show he deposited no funds, carried no balance, and had no money available in his account at the time of filing. *See* ECF No. 4 at 6.

Therefore, the Court **GRANTS** Jones's Motion to Proceed IFP (ECF No. 2), and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Watch Commander of the SDCJ, or his designee, will instead be directed to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Jones is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to

ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Allegations

While Jones's handwriting is difficult to read, he appears to claim that the Motel 6 "franchise" and Defendant Balbuera, a clerk employed at its National City location, "refused [him] service" and "made a false report" to National City Police Officer John McGough on July 12, 2019, after he paid a $100 room deposit, and "confronted her on her bias[.]" Compl., at 2–3. In McGough's arrest report, which Plaintiff attaches as an exhibit, McGough recounts that, at his request, Jones initially left the motel on foot in order to purchase gas for a vehicle he left parked on the property—but he returned again later without the gas and attempted to re-enter some of the motel's rooms by pulling on door handles. *Id.* at 6. Jones claims McGough returned a second time, and arrested him "without merit" for trespassing, while D'Angelo's Towing "put [his] car on the[] flatbed," and acted "unprofessional[ly]" by charging him a rate "inconsistent from what they feature[d] on the[ir] brochure." *Id.* at 2, 4.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Here, Jones's Complaint fails to satisfy either of these pleading requirements.

D. Private Parties

First, to the extent Jones seeks to sue Motel 6, Daisy Balbuera, an employee of the motel chain, and D'Angelo's Towing, his Complaint fails to contain facts sufficient to show any of them acted under color or state law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff claims the Motel 6 "franchise" and one of its clerks made a "false claim" to law enforcement regarding an alleged trespass, and enlisted the assistance of a private towing company to remove Jones' unfueled vehicle from the premises. *See* Compl. at 2–3.

A private actor *may* be liable under 42 US.C. § 1983 if the individual commits constitutional violations as part of a conspiracy or joint action with a state actor. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.") (citation omitted); *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (private individual acts "under color of state law" where "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity"); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (private individual found liable under § 1983 based on conspiracy with state actor—*i.e.*, entry into "an agreement or meeting of the minds" with the police to violate plaintiff's constitutional rights) (citation and internal quotation marks omitted).

But Jones has the burden to establish state action, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), and his Complaint contains no allegations to plausibly suggest Motel 6, Clerk Daisy Balbuera, or D'Angelo's Towing cooperated in any way with a state actor, much less engaged in a conspiracy with a state actor to violate his constitutional rights. *DeGrassi*, 207 F.3d at 647.

////

"[M]erely complaining to the police does not convert a private party into a state actor. Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) (internal citations omitted); *see also Peng v. Penghu*, 335 F.3d 970, 980 (9th Cir. 2003) (finding single call to the police for assistance regarding domestic disturbance insufficient to establish joint action for purposes of § 1983); *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989) ("[P]rivate parties are not state actors when they merely call on the law for assistance, even though they may not have grounds to do so; there must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal.") (internal quotation marks omitted).

The Court further notes Jones does not allege that Officer McGough impounded his car incident to his arrest. Instead, the police report he attached shows it was Balbuera who enlisted the assistance of D'Angelo's to remove Jones's inoperative car from the Motel's property. *See* Compl. at 6 ("Upon my [McGough's] arrival, Angelo's towing was on scene and attempting to tow Jones' vehicle from the parking lot."). "A number of federal courts have held that towing companies and employees, when acting independent from the police or other state officials, are not state actors for the purposes of 42 U.S.C. § 1983." *Ortiz v. Enf't Tow*, 2018 WL 5304822, at *3 (E.D. Cal. Oct. 24, 2018), *report and recommendation adopted*, 2019 WL 1095135 (E.D. Cal. Jan. 3, 2019) (citing cases).

For these reasons, Jones's Complaint against Defendants Motel 6, Daisy Balbuera, and D'Angelo's Towing must be dismissed for failing to state a claim upon which § 1983 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Woldmskel v. Keg N Bottle Liquor Store*, 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing § 1983 claims against private actors not alleged to have acted under color of state law pursuant to 28 U.S.C. § 1915(e)(2)).

E. <u>Officer McGough</u>

While Jones does not cite a constitutional basis for his meritless arrest claim against Officer McGough, *see* Compl. at 2, "[a] claim for unlawful arrest is cognizable under

§ 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). In determining whether an arrest was lawful under the Fourth Amendment, "[f]ederal law asks only whether the officer[] had probable cause to believe that the predicate offense, as the state has defined it, has been committed." *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Johnston v. Merced District Attorney's Office, et al.*, 2019 WL 6271828, at *4 (E.D. Cal. Nov. 25, 2019).

Jones's Complaint does not include any "further factual enhancement" to support the legal conclusion that McGough's decision to arrest him for misdemeanor trespass was "without merit." *See* Compl., at 2; *Iqbal*, 556 U.S. at 678, 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). In fact, the police report he provides sets out a sufficient factual basis to justify a misdemeanor arrest for "trespass: refus[al] to leave property: peace officer request" pursuant to Cal. Penal Code § 602(o)(1).[2] *See* Compl., at 7; *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) ("In California, an officer has probable cause for a warrantless arrest if the facts known to him would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime.") (citations and internal quotation marks omitted).

///

---

[2] Cal. Penal Code § 602 provides that "every person who willfully commits a trespass by any of the following acts is guilty of a misdemeanor" if that person "[r]efus[es] or fail[s] to leave land, real property, or structures belonging to or lawfully occupied by another and not open to the general public, upon being requested to leave by (1) a peace officer at the request of the owner, the owner's agent, or the person in lawful possession, and upon being informed by the peace officer that he or she is acting at the request of the owner, the owner's agent, or the person in lawful possession." Cal. Penal Code § 602(o)(1) (West 2019).

For these additional reasons, Jones's claims against Officer McGough must also be dismissed sua sponte for failing to state a claim upon which § 1983 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

Given Jones's pro se status, however, the Court will grant leave to amend his pleading deficiencies, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Jones's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of the SDCJ, or his designee, to collect from Jones's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

4. **DISMISSES** Jones's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Jones's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not

named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Jones fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 9, 2019

Hon. Anthony J. Battaglia
United States District Judge