UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO Q. JONES,<br>Booking #19750426,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MOTEL 6: D'ANGELO'S TOWING;<br>DAISEY BALBUERA, Motel 6 Clerk;<br>OFFICER JOHN McGOUGH, National<br>City Police,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:19-cv-01831-AJB-MDD<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Mario Q. Jones, while detained at the San Diego County Jail in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") on September 23, 2019. *See* Compl., ECF No. 1.

While the factual and legal basis for his claims was not clear, Jones's Complaint sought the recovery of a $100 deposit he made to the Motel 6 clerk in National City on July 12, 2019, and $510,000 in general and punitive damages from a private towing company and the National City Police Officer who arrested him for trespassing. *See id.* at 3–4, 6–7, 10.

## I. Procedural History

On December 9, 2019, the Court granted Jones's Motion to Proceed *In Forma Pauperis* ("IFP"), but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 3. Jones was notified of his pleading deficiencies and granted 45 days leave to file an Amended Complaint that fixed them, if he could. *Id.* at 5-10. Jones was also warned his failure to amend would result in the dismissal of his case. *Id.* at 10 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Jones's Amended Complaint was due on or before January 23, 2020. More than a month has elapsed since that time, but to date, Jones has failed to amend, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Jones's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute as required by Court's December 9, 2019 Order requiring amendment. *See also* S.D. Cal. CivLR 83.11.b. ("If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address

---

[1] In fact, the Court's December 9, 2019 Order was returned undeliverable by the U.S. Post Office on December 23, 2019. *See* ECF No. 4. The Court has since confirmed Jones is no longer in the custody of the San Diego County Sheriff's Department, *see* https://apps.sdsheriff.net/wij/WijList.aspx?LastName=Jones&FirstName=Mario (last accessed Feb. 24, 2020), and he has filed nothing since submitting his original Complaint and IFP Motion in September 2019. The Local Rules of this Court provide that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address." *See* S.D. Cal. CivLR 83.11.b.

is returned by the Post Office, and if such plaintiff fails to notify the court … within 60 days thereafter of [his] current address, the court may dismiss the action without prejudice for failure to prosecute.").

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: February 24, 2020

Hon. Anthony J. Battaglia
United States District Judge